IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PEDRO C. MARTINEZ,

    Plaintiff,

vs.                                                                          Civ. No. 02-1127 RHS

JO ANNE B. BARNHART, COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    1. This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, filed February 20, 2003 [Doc. 11]. The Commissioner denied Plaintiff's request for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits. Plaintiff, age 61, alleges a disability which commenced April 11, 1991, due to hypertension, diabetes and chronic pain.

    2. The Commissioner denied Plaintiff's application for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's Administrative Law Judge ("ALJ") likewise denied the applications, concluding that Mr. Martinez did not have any impairment or combination of impairments that significantly limit his ability to perform work related activities and therefore was not under a "disability" as defined in the Social Security Act. The Appeals Council denied review of the ALJ's decision, thus the ALJ's decision is the final decision of the Commissioner. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

3.  At the time of the Commissioner's final decision, claimant was 59 years old.  He had an eighth grade education and his past relevant work experience was as a roustabout and sandblaster in the oil fields.

4.  The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence.  Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted).  Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests.  Id. (citation omitted).

5.  Plaintiff raises the following allegations of error with respect to the ALJ's decision:  (1) the ALJ failed to properly evaluate his spinal problems and limitations; (2) the ALJ failed to properly assess his credibility; and (3) the ALJ inappropriately applied the Medical Vocational Guidelines.

6.  "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Id. at 1486 (citing 42 U.S.C. §423 (d)(1)(A)).  Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability application.  Id.; See 20 C.F.R. §§ 404.1520(a - f); 416.920.  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled.  Id. (citations omitted).

**7.**  At the first four levels of the evaluation, the claimant must show:  (1) that he or she is not working; (2) that he or she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that he or she is unable to perform work done in the past.  At the fifth step, the Commissioner must produce evidence regarding the claimant's

ability to perform other work.  Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir. 1988).

8. Mr. Martinez testified that he was injured in an accident at work on April 11, 1991 and that he has suffered from chronic pain since that time. Tr. at 36, 37, 71. He testified that he could lift no more than ten pounds, could walk one or two blocks, and could sit for twenty to thirty minutes at a time. Tr.at 39-40. He stated that he could drive short distances, vacuum the house, wash dishes, water the yard and cut the grass. Tr.at 41-44.

9. Plaintiff's medical records reflect that was treated by a chiropractor for his back pain in 1992, 1993, 1999, and 2000.  His records from the Artesia Veteran's Administration clinic include a report of an MRI (magnetic resonance imaging scan) performed on October 16, 1997, Tr. at 154-156, and progress notes from 1998 through 2001 which reflect regular visits for diabetes management and occasional complaints of back pain.  Ibuprofen and acetaminophen were prescribed for his discomfort. Tr at 132, 151, 161. Mr. Martinez also submitted a report of a August 19, 1991 MRI from the Albuquerque Veteran's Administration Medical Center. Tr. at 111.

**First Alleged Error**

10. Plaintiff argues that the ALJ improperly assessed his back impairment. The ALJ noted that Mr. Martinez's alleged impairments included hypertension, non-insulin dependant diabetes and degenerative arthritis. Tr.at 18, 20. The ALJ found that Plaintiff's impairments, separately or in combination, did not constitute a severe impairment. Mr. Martinez does not dispute the ALJ's finding that his controlled hypertension and diabetes are not severe impairments as defined by the Social Security Act, however, he claims that his back pain should have been found to be a severe impairment by the ALJ.

11. Mr. Martinez relies upon the opinion of Steven Wallin, D.C. who stated in his November

27, 2001 letter to the Administration that "Mr. Martinez is totally disabled from any type of gainful employment." Tr at 174.   The record reflects that plaintiff received chiropractic treatment from January 14, 1992 to March 30, 1993, August 31, 1999, and November 26, 2001. Tr at 100-110, 174.

12. Under the "treating physician rule," the ALJ is to give "controlling weight" to a treating physician's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with...other substantial evidence." 20 C.F.R. § 404.1527(d)(2). The regulations define "medical opinion" as "statements from physicians, psychologists, or other acceptable medical sources." Id.  Under the pertinent regulations, chiropractors are not listed as acceptable medical sources for purposes of the treating physician rule. 20 C.F.R. §§ 404.1513(a), 404.1513(e)(3).

13.  Because Plaintiff's chiropractor is not an "acceptable medical source," the ALJ has the discretion to determine the appropriate weight to give his opinion based on all the evidence before him. See Hartranft v. Apfel, 181 F.3d 358, 361-62 (3rd Cir. 1999), Walters v Commissioner of Soc. Sec., 127 F.3d 525, 530 (6th Cir. 1997).  The ALJ chose to give the chiropractor's opinion little weight for several reasons including the lack of significant clinical or laboratory findings to support his opinion, the records from the Artesia Veteran's Administration ("VA") Clinic which list non-insulin dependant diabetes as Mr. Martinez' only active problem, and Plaintiff's failure to seek chiropractic care from 1993 to 1999. Tr.at 18.

14. Plaintiff argues that the 1991 and 1997 MRIs contradict the ALJ's conclusion that there were not significant clinical or laboratory findings to support his chiropractor's opinion  Tr.at 111,154-156. Those documents were reviewed  by two consulting State agency physicians, Dr.

4

Melvin Golish, M.D. and Dr. Donald Stewart, M.D. who determined that Plaintiff did not have a severe impairment Tr.at 18,51,52,129.  Both Dr. Golish and Dr. Stewart were acceptable medical sources, their opinions were not inconsistent with Plaintiff's treating VA physicians, and the ALJ did not err by using their opinions to support his conclusion.

**Second Alleged Error**

15. Mr. Martinez argues that the ALJ failed to properly assess his credibility. He claims that the ALJ failed to correlate his subjective symptoms with his objective MRI findings and misrepresented the Plaintiff's testimony regarding the activities which he was able to perform.

16. A claimant's subjective allegation of pain is not sufficient in itself to establish disability. Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) (citation omitted). Before the ALJ considers any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain. Id. (citing Luna v. Bowen, 834 F.2d 161, 163 (10th Cir. 1987); accord, Winfred v. Chater, 92 F.3d 1017, 1020 (10th Cir. 1996)). If a "loose nexus" is established between the proven impairment and the claimant's subjective allegations of pain, the ALJ is then required to consider all the relevant objective and subjective evidence and "decide whether he believes the claimant's assertions of severe pain." Id.

17. The objective medical evidence from the MRIs shows that Mr. Martinez suffers from degenerative disc disease with disc bulging at several levels. The appropriate"loose nexus" exists in this case, therefore, the ALJ was required to assess the claimant's credibility and "decide whether he believes the claimant's assertions of severe pain." Luna v. Bowen, 834 F.2d 161, 163 (10th Cir. 1987) , cited in Williams v. Bowen, 844 F.2d 748, 754-55 (10th Cir. 1988). For the ALJ to hold that

this condition qualified as disabling would require the additional finding that Plaintiff experienced debilitating pain as a result of the condition. The ALJ must investigate all avenues presented that relate to subjective complaints, including nature, location, onset, duration, frequency, radiation and intensity of pain; aggravating factors, adverse side effects of medications, treatment, other than medication, for relief of pain, functional restrictions; and claimant's daily activities. SSR-88-13; See Luna, 834 F.2d at 166.

     18. The ALJ found the testimony of Mr. Martinez not completely credible based on inconsistencies between his description of his functional limitations and the daily activities he regularly performed, his infrequent complaints of pain to his doctors, and the fact that he was not taking prescription pain relievers. Tr. at 19. The ALJ relied upon appropriate factors to support his decision and he did not misrepresent Plaintiff's testimony regarding his subjective physical symptoms. The finding that Plaintiff's description of his limitations lacked credibility was supported by substantial evidence. This Court will not substitute its judgement for that of the Commissioner. See Casias v. Sec. of Health & Hum. Serv., 933 F.2d 799, 800 (10th Cir. 1991).

**Third Alleged Error**

     19. Mr. Martinez claims that the ALJ erred by applying the Medical Vocational Guidelines ("grids") to his case. The grids are applicable at step five of the sequential evaluation process. Williams v Bowen, 748 F.2d 695, 698 (10th Cir. 1988). If a determination is made at any step of the sequential process that a claimant is not disabled, an evaluation under the subsequent steps is not required. Id. at 750. The ALJ found at the second step that Mr. Martinez did not have a severe impairment and properly ended his analysis. He did not apply the grids in this case. Plaintiff's allegation of error regarding application of the grids in his evaluation is therefore without merit.

20.  In conclusion, the Court finds that: (1) the ALJ properly evaluated Plaintiff's evidence of back problems, including the opinion of Plaintiff's chiropractor; (2) the ALJ appropriately evaluated Plaintiff's credibility; and (3) the ALJ did not misapply the Medical Vocational Guidelines in this case.

**IT IS THEREFORE ORDERED** that  Plaintiff's Motion to Reverse  and Remand for a Rehearing [Doc.11]  is denied and this cause of action is dismissed with prejudice.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE